UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILAD A. HANNA,<br><br>                              Plaintiff,<br><br>      -against-<br><br>CAB TECHNOLOGY INC.,<br><br>                              Defendant. | 24-CV-8437 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a resident of Staten Island, Richmond County, New York, brings this *pro se* action alleging that Defendant Cab Technology, Inc. (stylized as "cab Technology") infringed on a patent that she owns. Plaintiff provides addresses for Defendant in Chelmsford, Massachusetts, and Karlsruhe, Germany. For the following reasons, this action is transferred to the United States District Court for the District of Massachusetts.

## DISCUSSION

Venue for patent infringement claims is governed by 28 U.S.C. § 1400(b), which states that venue for such claims is proper "[1] in the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). For the purpose of this statute, a domestic corporation resides only in its State of incorporation. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258 (2017). Foreign corporations, however, are subject to suit in any judicial district. *Brunette Machine Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 710-14 (1972); *In re HTC Corp.*, 889 F.3d 1349, 1356, 1361 (Fed. Cir. 2018).

Plaintiff provides two addresses for Defendant: one address in Chelmsford, Massachusetts, which falls within the District of Massachusetts, *see* 28 U.S.C. § 101, and another

address in Germany. Plaintiff does not allege that the acts of infringement occurred in this District or that Defendant has a regular and established place of business in this District.[1] Venue therefore does not appear proper in this District under the second clause of Section 1400(b). Plaintiff also does not allege whether Defendant is a domestic or foreign corporation, and, if a domestic corporation, the state in which it is incorporated. If Defendant is a foreign corporation, venue would be proper under the first clause of Section 1400(b) in this District, as well as in every other district in the United States. Therefore, under Section 1400(b), venue would also be proper in the District of Massachusetts, which is the only domestic location Plaintiff provides for Defendant.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

---

[1] This judicial District, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). Plaintiff resides in Staten Island, Richmond County, which is located in the Eastern District of New York. *See* 28 U.S.C. § 112(c).

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. Plaintiff alleges no facts suggesting that this District is a convenient forum in which to litigate her claims. Defendant is located in Chelmsford, Massachusetts, and it is reasonable to expect that relevant documents and witnesses would also be located in Massachusetts. The District of Massachusetts appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of Massachusetts. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Massachusetts. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 12, 2024
         New York, New York

                                      /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                 Chief United States District Judge